UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GEORGE and DENISE MITCHELL,  No. 05-12556

Debtor(s).
_____/

Memorandum on Motion to Enjoin 2004 Examination
_____

The debtors may be right in their assertion that a stipulation to extend the time to object to discharge not filed before entry of the discharge and with no motion pending is ineffective and they are entitled to keep their discharge. See *In re Neese*, 87 B.R. 609 (9th Cir. BAP 1988), and cases therein cited. However, there is no support for their assertion that the discharge prohibits a 2004 examination.[1] Such examinations may be requested for many purposes, including administration of the estate and investigation as to whether a discharge should be revoked. The debtors' duties under § 521 of the Bankruptcy Code do not end with the discharge.

Moreover, injunctive relief can be had only by adversary proceeding, not motion, pursuant to FRBP 7001(7). For these reasons, the motion for an injunction against the U.S. Trustee will be denied, without prejudice to an adversary proceeding. Counsel for the U.S. Trustee shall submit an appropriate form of order.

Dated: January 31, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The court is scratching its head over the debtors' reliance on § 526 of the Code, and assumes they mean § 524.